# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ALBERT FERNANDEZ-SIERRA, et al.,**

　**Plaintiffs,**

　v.　　　　　　　　　　　　　　　　**Civil No. 11-1172 (GAG)**

**MUNICIPALITY OF VEGA BAJA, et al.,**

　**Defendants.**

## OPINION AND ORDER

Plaintiffs Edgardo Santiago-Canales ("Edgardo"), Bengamin Burgos-Vazquez ("Burgos-Vazquez"), Damaris Henriquez ("Henriquez"), Alberto Fernandez-Sierra ("Fernandez-Sierra"), Nydia Otero-Boscana ("Otero-Boscana"), Eluid Martinez-Camacho ("Martinez-Camacho"), Jesse Rodriguez-Santos ("Rodriguez-Santos"), Yazira Oliveras-Rodriguez ("Oliveras-Rodriguez"), Javier Santiago-Canales ("Javier"), Hector Oquendo-Pantoja ("Oquendo-Pantoja"), Damaris Melendez-Lopez ("Melendez-Lopez"), Efrain Colon-Bracero ("Colon-Bracero") (collectively "Plaintiffs") brought this action seeking legal and equitable remedies against The Municipality of Vega Baja ("Vega Baja"), Edgar Santana ("Santana"), Elizardi Rivera ("Rivera"), Jomir Davila-Rosario ("Davila-Rosario") and Raphael Rodriguez-Jimenez ("Rodriguez-Jimenez") (collectively "Defendants"). The essence of Plaintiffs' claims is that Defendants retaliated against them for presenting a letter to the Municipal Legislature in opposition to the appointment of Rivera-Diaz as Police Commissioner ("Commissioner"). (See Docket No. 1 at ¶ 29.) Presently before the court are two motions to dismiss, one filed on behalf of Rodriguez-Jimenez (Docket No. 21) and one filed on behalf of Vega Baja and its officers (Docket No. 24). The motions raise the defenses of failure to state a claim upon which relief can be granted, qualified immunity and statute of limitations. (See Docket No. 1 at 5, 16; Docket No. 24 at ¶ 6.) After reviewing these submissions and the pertinent

**Civil No. 11-1172 (GAG)**                                2

law, the court **DENIES** Defendants' motions to dismiss.

## I. Standard of Review

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## II. Factual and Procedural Background

Plaintiffs were employed as police officers for Vega Baja at all relevant times. (See Docket No. 1 at ¶ 2-12.) Santana, the mayor of Vega Baja, nominated Rivera-Diaz to be Commissioner of the Vega Baja Police Department. (See Docket No. 1 at ¶ 22.) In January 2008, Santiago-Canales authored a letter opposing Rivera-Sierra's appointment. (See Docket No. 1 at ¶ 71.) The Municipal Legislature held confirmation hearings for Rivera-Diaz on April 10, 2008. (See Docket No. 1 at ¶ 23.) At this hearing, Plaintiffs voiced their opposition to Rivera-Diaz being appointed to the

**Civil No. 11-1172 (GAG)**                                3

position of Police Commissioner because he lacked specific prerequisites for the job. (See Docket No. 1 at ¶ 24-25.) All Plaintiffs signed a letter ("Opposition Letter") stating the reasons for their opposition, and the Opposition Letter was read aloud during this hearing. (See Docket No. 1 at ¶ 23.) Plaintiffs' opposition to Rivera-Diaz was memorialized in the minutes of the legislative session, and Santana and Rivera-Diaz both had knowledge of Plaintiffs opposition to this nomination. (See Docket No. 1 at ¶ 24-26.) Rivera-Diaz was confirmed as the Commissioner on April 22, 2009. (See Docket No. 21 at 4.) Plaintiffs claim that immediately after the confirmation, Santana and Rivera-Diaz began retaliating against and harassing Plaintiffs through their work assignments. (See Docket Nos. 29-30.)

Plaintiffs plead sufficient facts to demonstrate they were subjected to arbitrary work assignments requiring them to watch, "abandoned and other public buildings and facilities in remote and often in high crime areas without adequate support, safety or resources." (See Docket No. 1 at ¶ 31.) These assignments are considered part of the general duties of a municipal police officer, but usually carried out by the Municipal Guardian Corps. (See Docket No. 1 at ¶ 32.) Plaintiffs argue these assignments were given to them specifically to annoy, distress and cause emotional harm. (See Docket No. 1 at ¶ 31-33.) The areas are known as dangerous and insecure areas of Vega Baja, and some do not have any restrooms or shelter. (See Docket No. 1 at 35, 37.) Additionally, Plaintiffs were assigned to these shifts at night, without patrol cars, without backup and without firearms. (See Docket No. 1 at ¶ 37.) Administratively, Plaintiffs were denied requests for vacation licenses, scrutinized for sick leave, denied use of official vehicles and were forced to change their work schedules. (See Docket No. 1 at ¶ 42.)

Plaintiffs filed the instant complaint against Defendants on February 15, 2011. (Docket No. 1). On September 9, 2011 Rodriguez-Jimenez filed a motion to dismiss arguing the defenses of qualified immunity and statute of limitations. (See Docket No. 21 at 5, 15.) The other Defendants filed a motion to dismiss due to failure to state a claim upon which relief can be granted, qualified immunity and statute of limitations. (See Docket No. 24 at ¶¶ 22, 28, & 31.)

**Civil No. 11-1172 (GAG)**                        4

### III.    Discussion

#### A.    Failure to State a Claim Upon Which Relief Can Be Granted

In order for Plaintiffs to establish a claim of retaliation for exercising their free speech rights, Plaintiffs must demonstrate they meet a three part test. See Rosado-Quinones v. Toledo, 528 F.3d 1, 5 (1st Cir. 2008). Plaintiffs must show the speech (1) involved a matter of public concern; (2) their First Amendment rights outweigh the interest of the government to function efficiently; and (3) the protected speech substantially motivated the adverse action by Defendants. See id. Speech is considered a matter of public concern depending on the content, form and context of the speech. Id. If a public employee is speaking as an employee, rather than as a private citizen, the employee is not afforded protections under the First Amendment. See id. at 5-6. Factors that determine whether the speech was made as part of employment include the wearing of an official uniform, the location of the speech and the context of the speech. See Decotiis v. Whittemeore, 635 F.3d 22, 31 (1st Cir. 2011).

In this case, Plaintiffs are afforded protection under the First Amendment because Plaintiffs have sufficiently pled facts to meet the above test. First, the matter was a matter of public concern as demonstrated by the public confirmation hearings regarding the appointment of Rivera-Diaz. (See Docket No. 1 at ¶ 23.) Plaintiffs speech is protected because Plaintiffs' read the Opposition Letter at a public confirmation hearing and at a time when members of the public were allowed to state their views on the nomination of Rivas-Diaz. Second, the ability of officers to inform the public that the nominee for Commissioner was unqualified for the position outweighs the interest of the government to function efficiently. Third, Plaintiffs plead that only those who opposed Rivera-Diaz's appointment were subjected to harassment. (See Docket No. 1 at ¶ 43.) Plaintiffs allege sufficient facts to demonstrate a plausible claim upon which relief can be granted. Therefore Defendants' motion to dismiss for this reason is **DENIED**.

#### B.    Qualified Immunity

Defendants next argue that even if a constitutional violation has been demonstrated,

**Civil No. 11-1172 (GAG)**                                          5

Defendants are protected by qualified immunity because the right was not clearly established at the time, or alternatively, that an objectively reasonable official would not have believed these actions violated that right. (See Docket No. 24 at ¶ 24-26; Docket No. 21 at 11-12.) Defendants are entitled to qualified immunity if Plaintiffs cannot articulate a violation of a constitutional right or if the violation was not clearly established at the time the violation occurred. See Pearson v. Callahan, 555 U.S. 223, 231 (2009); Decotiis, 635 F.3d at 36.

There is no question that Plaintiffs' claims have been considered actionable violations of the First Amendment for quite some time. Government officials cannot retaliate against public employees for speaking out against the government. See Crawford-El v. Britton, 523 U.S. 574 (1998); Hartman v. Moore, 547 U.S. 250, 256 (2006). Simply put, official reprisal for protected speech, "offends the Constitution [because] it threatens to inhibit exercise of the protected right." Hartman, 547 U.S. at 256 (citing Crawford-El, 523 U.S. at 588). Additionally, this violation was clearly established prior to the events of 2009 through 2011. A reasonable official could not believe the singling out of Plaintiffs for harassment, excess scrutiny and undesirable work assignments because they spoke against the nomination of the Rivera-Diaz was constitutional. Therefore, Defendants' motion to dismiss due to qualified immunity protections is **DENIED**.

### C. Statute of Limitations

Defendants' next argue some of the Plaintiffs' claims are untimely because they occurred beyond the one year statute of limitations followed in Puerto Rico. (See Docket Nos. 25 at 16 & 24 at ¶¶ 29-31.) Section 1983 does not contain a limitations period and must borrow the forum state's statute of limitations period. See Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir. 2009). The limitations period in Puerto Rico is one year. See id.; 31 P.R.L.A. § 5298(2). While the statute of limitations is dictated by state law, the date of accrual is a question of federal law. See Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352 (1st Cir. 1992). Typically, those events occurring before February 15, 2010 would be time barred because Plaintiffs filed suit on February 15, 2011. However, if Plaintiffs can demonstrate a continuing violation, then events prior to February 15, 2010 may be considered as timely. See Nat'l R.R. Passenger Corp. v. Morgan, 536

**Civil No. 11-1172 (GAG)**                                6

U.S. 101, 113-15 (2002). Plaintiffs must show ongoing acts of discrimination within the limitations period to successfully rest on the continuing violation theory. See Gilbert v. City of Cambridge, 932 F.2d 51, 58-59 (1st Cir. 1991) (differentiating between discriminatory acts and ongoing injuries emanating from one discrete discriminatory act). Serial violations are separate actionable wrongs that are grounded in the same discriminatory animus. See Muniz-Cabrero v. Ruiz, 23 F.3d 607, 610 (1st Cir. 1992). Systemic violations are characteristically the application of a discriminatory policy or practice against the plaintiff. See id.

At this stage in the litigation, Plaintiffs sufficiently plead facts that plausibly demonstrate continued harassment based on both the systemic and serial violation theories. Plaintiffs plead that they were the subject of a practice or policy of harassment because of the Opposition Letter. (See Docket No. 1 at ¶ 57.) They further plead that the root of the animus against them was their opposition to Rivera-Diaz as Commissioner and that they have been continually discriminated against since his confirmation. (See Docket No. 1 at ¶¶ 42-43.) Plaintiffs have plead discriminatory acts within the past year and therefore have adequately demonstrated their claims fall within the limitations period. (See Docket No. 1 at ¶ 189.) Defendants' motion to dismiss due to the statute of limitations is **DENIED**.

### D.     Municipal Liability

Additionally, Plaintiffs name Vega Baja as a defendant, claiming there was a policy of discrimination against Plaintiffs that can be attributed to Vega Baja. The Court announced that local governments could be subject to § 1983 claims in Monell v. Dept. of Soc. Serv., 436 U.S. 658, 690-91 (1978). However, Vega Baja is not responsible under the theory of *respondeat superior* for the actions of its employees. See Connick v. Thompson, 131 S.Ct. 1350, 1360 (2011); Rodriguez-Garcia v. Mirdanda-Marin, 610 F.3d 756, 769 (1st Cir. 2010). A municipality may be liable if Plaintiffs claim damages pursuant to an official municipal policy, which includes decisions of a government's lawmakers. See Connick, at 1359. Plaintiffs claim that local lawmakers, such as Santana, the Mayor of Vega Baja, were responsible for implementing the discriminatory policy. On its face, the complaint contains sufficient pleadings that show it is plausible for Plaintiffs to make

**Civil No. 11-1172 (GAG)**                              7

their Monell claim.  As such, Defendants' motion to dismiss claims against Vega Baja is **DENIED**.

### IV.   Conclusion

For the reasons set forth above, the court **DENIES** Defendants' motions to dismiss at Docket Nos. 21 and 24 .  As to the statute of limitations claims, with a more fully developed record, the court may revisit this issue at the summary judgment stage.

**SO ORDERED.**

In San Juan, Puerto Rico this 4th day of November, 2011.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge